IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHU YOUNG YI, | : | PRISONER CIVIL RIGHTS |
| GDC No. 776776, | : | 42 U.S.C. § 1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JOHNSON, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:24-CV-2645-SDG-JCF |

**NON-FINAL REPORT AND RECOMMENDATION**

On August 9, 2024, this Court ordered Plaintiff Chu Young Yi to show cause for his apparent failure to timely comply with this Court's order of July 3, 2024, directing him to file an amended complaint within 30 days. (Doc. 4.) The Court has since received Plaintiff's amended complaint, executed on July 30, 2024, and Plaintiff's show-cause response, in which he states that he received this Court's Order on July 10, shortly before he was transferred to the Gwinnett County Jail on July 16 for a court date, and that he was not returned to Dooly State Prison until July 25. (Doc. 5 at 6; Doc. 6 at 1-2.) The Court credits Plaintiff's show cause response. *In forma pauperis* ("IFP") status having been granted, the matter is before the Court for screening of the amended complaint under 28 U.S.C. § 1915A.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

"A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (per curiam). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Gissendaner v. Comm'r, Ga. Dep't of

Corr., 803 F.3d 565, 578 (11th Cir. 2015); cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. See 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

The amended complaint concerns Plaintiff's prior pretrial confinement at the Gwinnett County Jail in Lawrenceville, Georgia, and names "Officer Johnson" as Defendant. (See doc. 5 at 3-4.) Plaintiff alleges that, on June 2, 2022, during intake at the Gwinnett County Jail, Officer Johnson used excessive force against him by "slamm[ing] [Plaintiff] to the concrete floor" while his hands were handcuffed behind his back, while other unnamed officers stood by and watched. (Id. at 4-5, 7.)

3

Plaintiff alleges that he was subsequently taken to another room where he was "unnecessarily" stripped naked below the waist and "officers" repeatedly kneed him in the back and ribs. (Id.) Plaintiff was then placed in a suicide watch cell for four days. (Id. at 4, 7-8.) A June 9, 2022, x-ray showed that Plaintiff had sustained "broken ribs in multiple places." (Id. at 7.) As relief, Plaintiff seeks compensatory and punitive damages. (Id. at 5.)

Claims of excessive force by pretrial detainees are reviewed under the Fourteenth Amendment's Due Process Clause using the same test applicable to Fourth Amendment claims—*i.e.*, whether the officers' use of force was objectively unreasonable. Kingsley v. Hendrickson, 576 U.S. 389, 395-97 (2015). Whether the officer's use of force was objectively unreasonable depends on the facts and circumstances of each case, and a court evaluating such a claim may consider factors such as (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) the severity of the security problem at issue; (4) the threat reasonably perceived by the officer; and (5) whether the plaintiff was actively resisting. Id. at 397.

Here, Plaintiff's allegations that Defendant Johnson gratuitously slammed him to a concrete floor while he was handcuffed, and, to the extent that the amended

4

complaint can liberally be construed to allege Defendant's Johnson's participation in the same, that officers took him to another room where they repeatedly kneed him in the back and ribs, state excessive force claims against Defendant Johnson sufficient to survive frivolity review. See, e.g., Danley v. Allen, 540 F.3d 1298, 1309 (11th Cir. 2008) ("When jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive."), overruled in part on other grounds as recognized by Randall v Scott, 610 F.3d 701, 709 (11th Cir. 2010); see also Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain.").

Additionally, to the extent that the amended complaint can liberally be construed to allege Defendant's Johnson's participation in the same, Plaintiff's allegations that he was stripped and left with his genitals exposed for no other reason than to inflict "humiliation and mental trauma," state a constitutional claim sufficient to survive frivolity review. (See doc. 5 at 7); Weeks v. Grady, No. 1:18-cv-1373-SDG-JKL, 2019 WL 11278455 at *5 (N.D. Ga. Oct. 29, 2019) (noting that a pretrial detainee states a claim under the Fourth Amendment if he alleges that he was "forced

5

to be naked under circumstances such as a malicious act intended to humiliate the inmate for no legitimate penological reason"), report and recommendation adopted as modified, 2020 WL 6336186 (N.D. Ga. Oct. 29, 2020), modified on reconsideration, 2021 WL 5564252 (N.D. Ga. Nov. 29, 2021); see also Harris v. Ostrout, 65 F.3d 912, 915-16 (11th Cir. 1995) (explaining that an unreasonable or abusive strip search occurs when the search is "devoid of penological merit and imposed simply to inflict pain").

Accordingly, **IT IS RECOMMENDED** that Plaintiff be **ALLOWED TO PROCEED** as any other civil claim on his individual capacity claims against Defendant Officer Johnson for (1) excessive force in violation of the Fourteenth Amendment, and for (2) violating Plaintiff's Fourth Amendment rights by forcing him to be naked with malicious intent and for no legitimate penological reason.[1]

---

[1] In making this recommendation, the undersigned makes no finding that Plaintiff's claims would necessarily withstand a motion to dismiss, nor reaches any conclusions about possible defenses Defendant may assert. The undersigned is simply recommending that the claims be allowed to proceed, thus requiring a responsive pleading and/or motion. See, e.g., Livingston v. City of Syracuse, No. 7:15-CV-475 (GLS/ATB), 2015 U.S. Dist. LEXIS 54261, at *8 (N.D.N.Y. Apr. 27, 2015) ("Based on the liberality with which *pro se* complaints are handled, this court will allow this action to proceed. This court makes *no finding as to the ultimate*

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

During the pendency of this case, Plaintiff is **INSTRUCTED** to immediately inform the Clerk of Court of any change in his address. Plaintiff is **CAUTIONED** that this action will be subject to dismissal if he fails to keep the Clerk of Court advised of his current address at all times. See N.D. Ga. Civ. R. 41.2(B).

**SO RECOMMENDED**, this 11th day of September, 2024.

> */s/ J. Clay Fuller*
> J. CLAY FULLER
> UNITED STATES MAGISTRATE JUDGE

---

*merits of the case* or whether it would survive a motion to dismiss or one for summary judgment.") (emphasis in original) (footnote omitted).