IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHU YOUNG YI, | : | PRISONER CIVIL RIGHTS |
| GDC No. 776776, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER M. JOHNSTON, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:24-CV-2645-SDG-JCF |

# ORDER

The matter is before the Court on Plaintiff Chu Young Yi's motions to "amend USM 285 and summons," and for appointment of counsel. (Docs. 13, 14.) Plaintiff states that, after he returned the initial USM 285 form and summons, he discovered that the Defendant's name is "Officer M. Johnston." (Doc. 13 at 1.) Accordingly, Plaintiff requests that he be provided with a new USM 285 form and summons so that he may amend the forms with the Defendant's correct name. (Id.)

For good cause shown, Plaintiff's motion to "amend USM 285 and summons" [13] is **GRANTED**. The Clerk of Court is **DIRECTED** to send Plaintiff an additional blank USM 285 form and summons for Defendant M. Johnston. The Court **ORDERS** Plaintiff to (1) fully complete the additional USM 285 form and summons

as instructed in this Court's Orders of November 5, 2024, and December 11, 2024, and (2) return the forms to the Clerk within **THIRTY (30) DAYS** from the entry date of this Order. Upon receipt of the properly-completed amended USM 285 form and summons, the Clerk of Court is **DIRECTED** to proceed with service of process as directed in this Court's Order of November 5, 2024. The Clerk of Court is **DIRECTED** to resubmit this action if Plaintiff fails to timely comply.

Plaintiff also moves for appointment of counsel to represent him in this civil action. (Doc. 14 at 1-2.) Plaintiff recites that his efforts to obtain counsel have been unsuccessful, that his confinement greatly limits his ability to litigate, that the issues presented by this case are "somewhat complex," that he has limited knowledge of the law and limited access to a law library, and that a trial in this case will require skill in the presentation of evidence and witness testimony. (Id. at 2.)

Plaintiff has not shown exceptional circumstances warranting the appointment of counsel in a civil case. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (noting that appointment of counsel in a civil case is a "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner) (quotation marks and alteration omitted). Plaintiff's § 1983 excessive force and compelled

2

nudity claims are not so novel or complex as to require appointed counsel. See id. Moreover, Plaintiff's pleadings demonstrate that he is able to present the essential merits of his position to the Court. See id. ("The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."). Plaintiff has not shown how his circumstances are materially different from other incarcerated *pro se* plaintiffs pursuing civil rights claims. Accordingly, Plaintiff's motion for appointment of counsel [14] is **DENIED WITHOUT PREJUDICE**. If the Court determines at a later point in the proceedings that appointed counsel is required, it will *sua sponte* reconsider his request.

Plaintiff is **WARNED** that this action may be dismissed for failure to (1) timely comply with this Order or any other lawful order of this Court; or (2) immediately notify the Clerk of Court of any change in Plaintiff's mailing address while this lawsuit is pending. See N.D. Ga. Civ. R. 41.3(A)(2), 41.2(B).

**SO ORDERED**, this 31st day of December, 2024.

*/s/ J. Clay Fuller*
J. CLAY FULLER
UNITED STATES MAGISTRATE JUDGE