**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHU YOUNG YI, | : | PRISONER CIVIL RIGHTS |
| GDC No. 776776, | : | 42 U.S.C. § 1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER M. JOHNSTON, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:24-CV-2645-SDG-JCF |

**ORDER**

On November 4, 2024, the District Court allowed Plaintiff to proceed on his claims that, while confined at the Gwinnett County Jail in Lawrenceville, Georgia, on June 2, 2022, Defendant "Officer M. Johnston" (1) used excessive force against him, and (2) violated Plaintiff's Fourth Amendment rights by forcing him to be naked with malicious intent and for no legitimate penological reason. (See doc. 9 at 1.) On November 5, 2024, this Court entered an Order with instructions for service of process. (Doc. 10). Defendant did not return an executed Waiver of Service form to the Court, and the Clerk forwarded a personal service package to the United States Marshals Service ("USMS") in order to perfect service. (Docs. 17, 18). The USMS attempted to serve Defendant at the address provided by Plaintiff, the Gwinnett

County Jail, but were informed that Defendant "no longer works at the jail," and the service receipt was returned unexecuted. (Doc. 19 at 1.)

The Court has a duty to assist indigent *pro se* prisoners in effecting service of process. See Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990). To that end, the Clerk is **DIRECTED** to forward copies of this Order and the service waiver package for Defendant Johnston to (1) Gwinnett County Sheriff Keybo Taylor, Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, Georgia, 30043, and (2) the Office of the Gwinnett County Attorney, Attn: Michael Ludwiczak, Gwinnett County Department of Law, 75 Langley Dr., Lawrenceville, Georgia, 30046. The Court strongly encourages Sheriff Taylor, within **THIRTY DAYS** of the date of this Order, to either (1) arrange with defendant Johnston to designate an agent to accept service of process on defendant Johnston's behalf and return the executed waiver of service form to the Clerk of Court, or (2) to disclose to the Court directly, under seal, defendant Johnston's last known residential or other address information to be used solely for the purpose of service.

If service cannot be perfected at the Gwinnett County Jail address provided by Plaintiff, this Court ultimately may have to consider allowing Plaintiff limited discovery to obtain residential or other address information for Defendant Johnston.

2

In order to avoid such limited discovery, the court urges Sheriff Taylor, via this Order, to assist in arranging for the return of the Waiver of Service form.

Should Sheriff Taylor fail to respond to this Order, the Clerk is **DIRECTED** to **RESUBMIT** this case to the undersigned at the expiration of the aforementioned thirty-day period.

**SO ORDERED**, this 24th day of March, 2025.

*/s/ J. Clay Fuller*
J. CLAY FULLER
UNITED STATES MAGISTRATE JUDGE