IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHU YOUNG YI, | : | |
| GDC No. 776776, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:24-CV-2645-SDG-JCF |
| OFFICER M. JOHNSTON, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

COMES NOW Defendant Mitchell Johnston and, pursuant to Federal Rule of Civil Procedure 12 and Local Rule 7.1, files this Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint (Doc. 5).

## I.   INTRODUCTION

This is a *pro se* civil rights action filed by Plaintiff Chu Young Yi pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges that Defendant subjected him to excessive force during an incident which occurred while Plaintiff was incarcerated at the Gwinnett County Jail on June 2, 2022. (Doc. 5, pp. 4, 7.) Plaintiff claims that Defendant "took control of [him] while handcuffed" behind the back and "slammed [him] to the concrete floor with a high rate of excessive force"

1

while other unnamed officers looked on. (*Id*.) He further alleges that he was then "taken to another room and stripped" naked from the waist down, "unnecessarily" exposing his genitals and buttocks while other unnamed officers "repeatedly kneed [him] in the back." (*Id*. at p. 4.) He further contends that he was then placed in a "suicide watch cell," where he remained for four days "without a mattress or blanket." (*Id*. at pp. 4, 7-8.) Plaintiff claims that, as a result of this alleged treatment, he suffered broken ribs in multiple places. (*Id*. at pp. 5, 7.)

As compensation for Defendant's alleged unlawful action, Plaintiff seeks compensatory and punitive damages in the amount of $1.8 million. Plaintiff contends that he is entitled to these damages because of Defendant's "unconstitutional and humane wrongs" and "the weeks of suffering [he] endured because of the incident." (*Id*. at p. 5.)

By way of procedural history, the present matter was filed with the clerk on June 17, 2024, naming Keybo Taylor, Sheriff of Gwinnett County, and Laurente Smink of Correct Health as defendants. (Doc. 1-1, p. 1.) Plaintiff signed the original filing on May 30, 2024. (Doc. 1, p. 5.) Subsequently, on July 3, 2024, the Court ordered Plaintiff to amend his complaint within 30 days as it failed to state a claim as written. (Doc. 3, p. 6.) Plaintiff appeared to have failed to comply with the Court's order, so on August 9, 2024, the Court ordered him to show cause as to why his

complaint should not be dismissed. (Doc. 4.) Apparently unbeknownst to the Court, an Amended Complaint had been filed with the clerk on August 8, 2024, which was signed by the Plaintiff on July 30, 2024. (Doc. 5, p. 1, 6.) That was the first time Plaintiff made allegations against this Defendant, who Plaintiff incorrectly identified as "Officer Johnson." (*Id*. at pp. 1, 3-4, 8.) It was not until Plaintiff's "Motion to Amend USM 285 and Summons," which was filed on December 11, 2024, that Plaintiff correctly named Defendant as "M. Johnston." (Doc. 13, ¶ 3.)

As explained below, because Plaintiff failed to timely file his present claims against Defendant and because the Amended Complaint naming Defendant does not relate back to Plaintiff's original complaint, Plaintiff's Amended Complaint is time-barred and must be dismissed.

## II.  ARGUMENT AND CITATION TO AUTHORITY

**A. Plaintiff's Amended Complaint should be dismissed because his claims are barred by the statute of limitations.**

Plaintiff's claims fail because Plaintiff's Amended Complaint naming Defendant was filed outside of the applicable statute of limitations. The Eleventh Circuit has held that dismissal of a claim is appropriate if it is apparent from the face of the complaint that the claim is time-barred. *Tello v. Dean Writter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005). For Section 1983 claims, Georgia's two-year statute of limitations governing personal injuries applies. *Mullinax v. McElhenney*,

817 F.2d 711, 716 n.1 (11th Cir. 1987) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."); *McCullough v. Atlantic Refining Co.*, 50 Ga. App. 237, 177 S.E. 601 (1934); O.C.G.A. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues"). Here, Plaintiff alleges that the incident in which he was injured occurred on June 2, 2022. (Doc. 5, p. 4-5.) Thus, the statute of limitations for Plaintiff's claims against Defendant expired on June 2, 2024. Because Plaintiff did not file suit against Defendant until July 30, 2024, applying the prison mailbox rule and assuming Plaintiff delivered the Amended Complaint to prison authorities the day he signed it,[1] the statute of limitations bars these claims.

Further, Plaintiff's Amended Complaint does not relate back to his original complaint. Rule 15(c) of the Federal Rules of Civil Procedure, governing relation back of amendments, provides that an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations

---

[1] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [Plaintiff's] motion was delivered to prison authorities the day he signed it.").

allows relation back." Fed. R. Civ. P. 15(c)(1)(A).[2] Georgia's two-year limitations period for personal injury actions supplies the limitations period for all of Plaintiff's claims, and so the Court should apply Georgia's relation back rule:

> *Relation back of amendments*. Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

O.C.G.A. § 9-11-15(c). Because the Amended Complaint asserts claims against a new party outside the statute of limitations, "the plaintiff must show that, within the statute of limitations period, the new party had received such notice of the action that he will not be prejudiced, and that the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Presnell v. Paulding Cnty.*, 454 F. App'x 763, 768

---

[2] *See also Saxton v. ACF Indus.*, 254 F.3d 959, 962-63 (11th Cir. 2001) (stating that the rule "incorporates the relation-back rules of the law of a state when that state's law provides the applicable statute of limitations.").

5

(11th Cir. 2011) (applying O.C.G.A. § 9-11-15(c) and affirming denial of motion to amend Section 1983 action for malicious prosecution because claims against new parties would have been barred by the statute of limitations).

Here, Defendant could not have had the requisite knowledge of the action within the applicable statute of limitations. Indeed, the statute of limitations expired on all of Plaintiff's claims on June 2, 2024, a mere three days after Plaintiff signed and delivered his original complaint to prison authorities. And Defendant was not named in this action until July 30, 2024, almost two months after the statute of limitations expired. In that regard, this case is indistinguishable from *Presnell*, where the Eleventh Circuit found that the plaintiff failed to meet his burden of showing timely notice within the Georgia statute of limitations. 454 F. App'x at 768 ("Especially in light of the fact that the statute of limitations period expired only three days after the filing of the original complaint, we cannot conclude that the district court abused its discretion in holding that Plaintiff had failed to show that either new party possessed the required knowledge of the instant suit within the statute of limitations period."). The record confirms that Defendant received no notice of the existence of this lawsuit until March of 2025 at the very earliest, more than nine months after the expiration of the statute of limitations. (Doc. 20.)

Plaintiff does not satisfy the federal relation back rule either because he has failed to show that he committed a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). When the mistake requirement is not satisfied, "there can be no relation back regardless of whether other requirements, such as notice and lack of prejudice to the joined party, are met. *Wayne v. Jarvis*, 197 F.3d 1098, 1103 n.5 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328, n.52 (11th Cir. 2003). As the Eleventh Circuit observed in *Wayne*, the "mistake proviso" was intended by the rule's drafters to resolve "the problem of a misnamed defendant" and to allow correction of "a formal defect such as a misnomer or misidentification." 197 F.3d at 1103 (quoting advisory committee notes).

This is not a case of mistaken identity or a mere misnomer. To be sure, Plaintiff did not know of or intend to sue Defendant until the Court informed him in its July 3, 2024 Order that he "cannot hold supervisory officials, such as Sheriff Taylor, or medical corporations, such as Correct Health, vicariously liable under § 1983 for the actions of their subordinates or employees." (Doc. 3, p. 3.) Only then did Plaintiff attempt to name an individual deputy, a deputy whose name Plaintiff confirmed he did not know until December of 2024. Indeed, Plaintiff stated in his "Motion to Amend USM 285 and Summons" that he "just discovered that the Defendant['s] name is Officer M. Johnston," a discovery which did not occur until more than six

months after the expiration of the statute of limitations. (Doc. 13, ¶ 3.) But despite the Eleventh Circuit's liberal construction of the word "mistake," the term does not encompass "lack of knowledge." *Id*. "For these purposes, ignorance does not equate to misnomer or misidentification." *Id*. Thus, Plaintiff's claims against Defendant are barred by the statute of limitations and they do not relate back to his original complaint. The Court should therefore dismiss Plaintiff's Amended Complaint.

**B. Plaintiff's Complaint fails to state a claim for punitive damages.**

Plaintiff has requested an award of punitive damages against Defendant. Since a claim for punitive damages is derivative of Plaintiff's underlying claims and all of Plaintiff's claims are subject to dismissal, so too are his derivative punitive damages claims. *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009); *J. Andrew Lunsford Prop., LLC v. Davis*, 257 Ga. App. 720, 722, 572 S.E.2d 682, 685 (2002) ("[T]he claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."); *Lewis v. Meredith Corp.*, 293 Ga. App. 747, 750, 667 S.E.2d 716, 719 (2008).

### III. <u>CONCLUSION</u>

As shown above, Plaintiff's claims against Defendant are time-barred. Plaintiff did not file his claims against Defendant until after the expiration of the applicable statute of limitations. Furthermore, his Amended Complaint does not

relate back to his original pleading. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's claims against him.

Respectfully submitted this 23rd day of June, 2025.

*/s/ Rachel R. Sinclair*
Brian R. Dempsey
Deputy County Attorney
Georgia Bar No. 217596
Brian.Dempsey@gwinnettcounty.com
Rachel R. Sinclair
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorneys for Defendant

Gwinnett County Law Department
75 Langley Drive
Lawrenceville, Georgia 30046
Tel: (770) 822-8700

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 23rd day of June, 2025.

*/s/ Rachel R. Sinclair*
Rachel R. Sinclair
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorney for Defendant

Gwinnett County Law Department
75 Langley Drive
Lawrenceville, Georgia 30046
Tel: (770) 822-8700

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, and I certify that I have served the same by United States mail, proper postage prepaid, addressed to the following non-CM/ECF participants:

Chu Young Yi
776776
Dooly State Prison
1412 Plunket Rd.
Unadilla, Georgia 31091

This 23rd day of June, 2025.

/s/ *Rachel R. Sinclair*
Rachel R. Sinclair
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorney for Defendant

Gwinnett County Law Department
75 Langley Drive
Lawrenceville, Georgia 30046
Tel: (770) 822-8700