IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT GEORGIA
ATLANTA DIVISION

CHU YOUNG YI
GDC No. 776776

Plaintiff

v.

OFFICER M. JOHNSTON

Defendant

PRISONER CIVIL RIGHTS
42 U.S.C § 1983

CIVIL ACTION NO.
1:24-CV-02645-SDG-AWH

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### I. INTRODUCTION

PLAINTIFF ChuYoung Yi, pro se respectfully submits this Response in opposition to Defendant's Motion to Dismiss the Amended Complaint. Defendant officer M. Johnston claims that Plaintiff's complaint is untimely and not

relate back under Fed. R. Civ. P 15(C).

However, Plaintiff's claims are timely under the prison mailbox rule, relate back due to a mistake in identity, and delay in service is not attributable to Plaintiff. The Court already found Plaintiff's stated viable claims and screen Plaintiff's complaint, took multiple steps to assist service confirming the case should proceed.

## II. FACTUAL BACKGROUND

Plaintiff filed his original complaint on or about May 30, 2024. Within two years of the June 2, 2022 incident. At that time, Plaintiff did not know the identity of the officer, because

2

incident took place at Gwinnett County Jail inmate booking merely (1) minute after taken to the Jail. Also, the officer did not have a name tag - no name on his uniform.

On July 3, 2024, Court ordered Plaintiff directing him to file an amended complaint within 30 days. Directing Plaintiff to identify officers involved in the alleged use of excessive force. Plaintiff listed the Defendant as officer Johnson.

On November 4, 2024, this court order instructions for service of process. Defendant Johnson did not return an executed waiver of form to the court, and the clerk forwarded

3.

a personal service package to the United States Marshals service ("USMS") in order to perfect services but were informed that Defendant "no longer works at the jail". The Defendant informed the court that "M. Johnston" no longer works there, demostrating that they had knowledge of his identity.

### III. ARGUMENT

• A. The Amended Complaint Relates back under 15(C) Federal Rule of Civil Procedure 15(C) permits amendments to relate back if the new party had notice and knew or should have known they were the intended defendant. In this case, Plaintiff's Amended Complaint Filling referred to officer Johnson. When the ("USMS") attempted service in

4

November 4, 2024. Gwinnett County officials confirmed that officer M. Johnston no longer work at the Jail, proving they knew who he was and had notice.

The amended complaint alleges the same excessive force incident as the original - same conduct -. Gwinnett County's response to the USMS, confirms Johnston's employer had notice of the claims. Courts have held that notice of an employer suffies Rule 15(C)(1)(C). See Krapki V. Costa Crociere S.P.A. 560 U.S. 538, 549 (2010). Relation back applies when the defendant "knew or should have known" the action would have been brought against them.

- B The prison mailbox Rule applies;

5

Plaintiff original complaint was filed on May 30, 2024. Plaintiff is an incarcerated pro se litigant, and his complaint is considered filed on the date he delivered it to prison officials for mailing, not the date it got received by the Federal Clerk of Court and stamped filed. Under the prison mailbox rule, established in Houston v. Lack 487, U.S. 266 (1988) and reaffirmed in the Eleventh Circuit in Garvey v. Vaughn 993 F.2d 776, this court must accept the date of delivery to prison staff as the orginal filling date.

- c Equitable Tolling should Apply

Even if there was delay. Plaintiff acted in good faith and relied on the court and USMS

6.

to complete service.

• D. Plaintiff claim for Punitive Damages should not be Dismissed.

Since the underlying §1983 claim services, the request for punitive damages also remain. Dismissal of Punitive damages be premature at this stage.

• F. Pro se Litigants are ordinary entitled to amend their Complaint.

Federal Courts recognize that Pro se litigants are ordinary entitled to at least one opportunity to amend their Complaint. See Bank v. Pitt, 928 F.2d 1108, 1102 (11th Cir 1991).

7.

Here Plaintiff was not only permitted to amend his complaint — he was specifically instructed by the magistrate Judge to file an amended complaint naming the officers involved. Plaintiff complied promptly and in good faith. The amendment was neither abusive nor prejudicial and was made in line with both court instructions and well-established Eleventh Circuit precedent.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this court DENY Defendant's motion to Dismiss the Amended Complaint, and permit the case to proceed on the merits.

Respectfully submitted this 15 day of July 2025.

Pro Se Plaintiff _____

Chuyoung Yi
GDC No. 776176
Dooly State Prison
P.O. Box 750
Unadilla, GA 31091

7-15-25

[Notary Seal: Gregory Scott Dixon, Notary Public, Dooly County, Georgia, Commission Expires July 23, 2026]

9

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the Respondent(s) with a copy of the forgoing, by placing the same in the United States mail in a proper envelope with adequate postage attached, properly addressed to :

Rachel R. Sinclair + Brian R. Dempsey
Gwinnett County Law Department
75 Langley Drive
Lawrenceville, GA 30046

This __15__ Day of __July__ 20__25__

_____
Petitioner, Pro Se

ChuYoung Yi
GDC No. 0776776
Duly State Prison
P.O Box 750
1412 Plunket Rd.
Unadilla, GA 31091

ChuYoung Yi
GDC 776776
Dooly State Prison
P.O. Box 750
Unadilla, GA 31091






Retail 

U.S. POSTAGE PAID
FCM LG ENV
UNADILLA, GA 31091
JUL 16, 2025



30303   $0.00

RDC 99   S2324N506691-05

U.S. Marshals Service
Atlanta, GA 30303

JUL 21 2025
CLEARED DATE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, S.W.
ATLANTA, GEORGIA 30303