# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CHU YOUNG YI,
GDC No. 776776,
   Yi,

              v.

MITCHELL JOHNSTON,
   Defendant.

Civil Action No.
1:24-cv-02645-SDG

## OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Anna W. Howard's Final Report and Recommendation (R&R) [ECF 30] that Defendant Mitchell Johnston's Motion to Dismiss [ECF 25] be granted. Plaintiff Chu Young Yi objects to the R&R [ECF 35]. Also pending is Yi's Motion for Status [ECF 34] in which he sought an update on his case. After careful consideration of the record as well as Yi's objections, the Court **OVERRULES** the objections, **ADOPTS** the R&R, and **GRANTS** Johnston's Motion to Dismiss. Yi's Motion for Status is **DENIED as moot**.

## I.    BACKGROUND

On May 30, 2024, Yi signed his *pro se* 42 U.S.C. § 1983 civil rights complaint alleging constitutional violations that occurred on June 2, 2022 during Yi's intake into the Gwinnett County Jail.[1] That complaint named the Gwinnett County

---

[1]    ECF 1.

1

Sheriff Keybo Taylor, Health Services Administrator Laurente E. Smink, and Correct Health as defendants.[2] After screening pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge J. Clay Fuller found that Yi failed to state a claim against any of the named defendants but gave Yi an opportunity to amend his complaint to name the individuals he alleges actually violated his constitutional rights.[3] In his first amended complaint (FAC), received by the Court on August 8, 2024, Yi named "Officer Johnson" as the only defendant and alleged that the officer used excessive force against him on June 2, 2022.[4] After conducting the required frivolity screening, the Court allowed Yi's claims against "Officer Johnson" to proceed.[5] On December 5, 2024, Yi alerted the Court that he had learned that the correct name of the officer he intended to sue is "M. Johnston."[6] Ultimately, Officer Mitchell Johnston was identified, waived service, and filed a Motion to Dismiss, arguing that the claims against him are barred by the applicable statute of limitations.[7]

---

[2]  *Id.*

[3]  ECF 3, at 4, 6–7.

[4]  ECF 5, at 4.

[5]  ECF 7; ECF 9.

[6]  ECF 13.

[7]  ECF 25.

Judge Howard's R&R found that the statute of limitations expired on June 2, 2024, three days after Yi signed his complaint.[8] Judge Howard further found that the amended complaint that named "Officer Johnson," signed on July 30, 2024, did not relate back to the date of the original complaint under either O.C.G.A. § 9-11-15(c) or Federal Rule of Civil Procedure 15(c).[9] Critically, Judge Howard determined that Johnston, the newly-named defendant, did not receive actual notice of this action before the statute of limitations expired and that there was no showing that Johnston knew or should have known that, but for a mistake concerning identity, the original action would have been brought against him.[10] Finally, Judge Howard pointed out that Yi failed to allege any grounds for tolling the statute of limitations.[11]

## II.    LEGAL STANDARD

A district judge has a duty to conduct a "careful and complete" review of an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The party challenging a R&R must file written objections that specifically identify the

---

[8]    ECF 30, at 7; *see Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (holding that Georgia's two-year statute of limitations for personal injury actions applies to § 1983 suits filed in Georgia.).

[9]    ECF 30, at 7.

[10]    *Id.* at 7–10.

[11]    *Id.* at 11.

portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court reviews any portion of a R&R that is the subject of a proper objection on a *de novo* basis. 28 U.S.C. § 636(b)(1). In contrast, the Court need only review those portions of a R&R to which no objection is made for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting its review, the Court retains broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams*, 557 F.3d at 1290–92.

When a litigant chooses to proceed *pro se*, his pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court

must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III.   DISCUSSION

Yi raises four objections to the R&R, though undersigned interprets one of the objections to be duplicative of two others. As such, undersigned considers Yi to be raising three objections, namely that: (1) the R&R failed to consider that Judge Fuller gave Yi an opportunity to amend his complaint after Judge Fuller determined that Yi failed to state a claim against a party that could be sued; (2) the R&R misapplied Rule 15(c)'s knowledge requirement in not finding that Johnston knew or should have known that he was the intended defendant; and (4) the R&R erred in not applying equitable tolling.[12]

### A.   The R&R considered that Yi was granted leave to amend and correctly concluded that it does not affect the statute of limitations.

While Yi contends that the R&R did not consider that Judge Fuller gave Yi an opportunity to amend, this contention is inaccurate. Judge Howard's R&R

---

[12]   ECF 35, at 4–9. In Yi's third objection, he argues that the date he signed the original complaint is controlling under equitable principles because Gwinnett County was put on notice of the nature of his claims and the time period in which they accrued. *Id.* at 7–8. Undersigned considers this objection to be a combination of his second and fourth objections relating to the R&R's application of Rule 15(c) and equitable tolling.

provided a detailed timeline of the procedural history of this case, including Judge Fuller's order dismissing the claims raised against the named defendants and granting Yi an opportunity to amend his complaint to name the individuals who actually violated his rights.[13] As filed, his original complaint failed to state a claim for relief because the defendants he named are not liable for the alleged unlawful conduct of the actual wrongdoer. In deference to Yi's *pro se* status, Judge Fuller allowed him an opportunity to amend, informing him that he is required to name the individuals he contends violated his rights. However, this holding did not extend the statute of limitations as to those unnamed defendants. The Court is still bound to follow the statute of limitations unless equitable tolling applies or the claims against Johnston properly relate back to the original complaint. *See* Fed. R. Civ P. 15(c); O.C.G.A. § 9-11-15(c). *See also Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

---

[13]    ECF 30, at 1–4.

6

**B.    The R&R did not err in its application of Rule 15(c)'s knowledge requirement.**

The R&R correctly applied Rule 15(c) and O.C.G.A. § 9-11-15(c) to determine that the FAC does not relate back to the date that the original complaint was filed. As explained in the R&R, the second and third requirements of the relates-back doctrine require the new defendant to have received sufficient notice of the action within the limitations period and to have known (or for the court to find he should have known) that, but for a mistake concerning the proper party's identity, the action would have been brought against him. *See* O.C.G.A. § 9-11-15(c); Fed. R. Civ. P. 15(c); *Wallick v. Lamb*, 289 Ga. App. 25, 26 (2007). Judge Howard correctly noted that under the facts of this case, there is nothing to indicate that Johnston received any notice of the original complaint within the limitations period.[14] In fact, there is nothing to indicate that the originally-named defendants or anyone affiliated with the Gwinnett County Jail had actual knowledge of the action before the limitations period expired. This is because Yi signed the original complaint just three days before the statute of limitations expired, and it was postmarked and received by the Court *after* the limitations period expired.[15] To the extent that Yi argues Johnston should have known that action would have been brought against

---

[14]    *Id.* at 8–10.

[15]    *Id.* at 8–9.

him because Johnston is the person who violated Yi's rights, this contention misunderstands the law.[16] "Knowledge of the underlying events that establish a claim is not the equivalent to knowledge of the action." *Bloom v. Alvereze*, 498 F. App'x 867, 873 (11th Cir. 2012). Thus, Judge Howard was correct in finding that Yi could not establish that the amended complaint naming "Officer Johnson" related back to the date of the original complaint.

## C.    The R&R did not err in its equitable tolling analysis.

In his final objection, Yi contends that he made a good faith attempt to hold the responsible officials accountable and equitable tolling should apply. Yi argues that he "did everything he reasonably could."[17] While this may be true, the standard for equitable tolling includes more than just a plaintiff's diligence. As the R&R correctly notes, it also generally requires the party seeking tolling to prove

---

[16]    Yi cites *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), in support of this argument, asserting that "the controlling inquiry is what the defendant knew or should have known, not the plaintiff's subjective knowledge or diligence." ECF 35, at 6. Yi's statement is true, and it also recognizes the problem: the **defendant** must have knowledge—but that "knowledge" refers to knowledge of the lawsuit, not the events giving rise to the lawsuit. *Krupski*, 560 U.S. at 550 ("[R]epose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.").

[17]    ECF 35, at 9.

that some extraordinary circumstance stood in his way and prevented timely filing. *See Villarreal*, 839 F.3d at 971.

Yi has not alleged an extraordinary circumstance that prevented him from timely filing. He does not explain why he waited until just three days before the statute of limitations expired to execute a complaint. While he notes that he has been incarcerated, he fails to explain what circumstances prevented him from filing earlier within the two-year limitation period. Incarceration, standing alone, is not an extraordinary circumstance for the purpose of equitable tolling. *See, e.g., Sanchez v. United States*, 170 F. App'x 643, 647 (11th Cir. 2006) (finding no extraordinary circumstance for a prisoner who experienced an eleven-day lockdown because he had eleven months to file his petition before the lockdown occurred); *Miller v. Fla.*, 307 F. App'x 366, 367–68 (11th Cir. 2009) (finding no extraordinary circumstance for a prisoner whose close-management status prevented him from visiting the prison library and from consulting with prison law clerks); *Lang v. Alabama*, 179 F. App'x 650, 652 (11th Cir. 2006) (finding no extraordinary circumstances for a prisoner who had "significant health problems" but failed to provide evidence why he could not "sit in the law library for less than 30 minutes"). Had Yi not filed his complaint so close to the date the statute of limitations expired, he would have learned sooner that he must name the individual who he contends actually violated his rights and could have timely

9

filed an amended complaint naming Johnston. Accordingly, Yi's fourth objection is overruled.

While the Court sympathizes with Yi's situation, it is bound to follow the law. Yi has failed to allege an extraordinary circumstance that would allow for equitable tolling, nor do the facts of this case allow the Court to find that the FAC relates back to the original complaint.

## IV.    CONCLUSION

Undersigned agrees with Judge Howard that this matter should be dismissed because it is barred by the statute of limitations. Accordingly, Yi's objections are **OVERRULED**, and the R&R [ECF 30] is **ADOPTED** as the order of the Court. Defendant's Motion to Dismiss [ECF 25] is **GRANTED**. Yi's Motion for Status [ECF 34] is **DENIED as moot**.  The Clerk is **DIRECTED** to update the Defendant's name on the docket from "Officer Johnson" to "Mitchell Johnston". The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge